41 Cal.App.4th 793 (1995)
48 Cal. Rptr.2d 754
CALIFORNIA STATE EMPLOYEES' ASSOCIATION et al., Plaintiffs and Respondents,
v.
STATE PERSONNEL BOARD et al., Defendants and Appellants; TOOLWORKS, INC., Real Party in Interest and Appellant.
Docket No. C019502.
Court of Appeals of California, Third District.
December 28, 1995.
*794 COUNSEL
Daniel E. Lungren, Attorney General, Charlton G. Holland, Assistant Attorney General, Dennis Eckhart and Mateo Munoz, Deputy Attorneys General, for Defendants and Appellants.
Furth, Fahrner & Mason and Bruce J. Wecker for Real Party in Interest and Appellant.
Harry J. Gibbons and Gary P. Reynolds for Plaintiffs and Respondents.
OPINION
MORRISON, J.
We have previously construed "pay rates," as that term is used in the Government Code, to mean "wages." (California State Employees' Assn. v. State Personnel Bd. (1986) 178 Cal. App.3d 372, 377, 381-382 [223 Cal. Rptr. 826].) In this case the trial court followed that definition and overturned a decision by the State Personnel Board (Board) which departed from that definition. We shall affirm.
The California State Employees' Association obtained a writ commanding the Board to reconsider its decision to permit the use of contract janitors at a particular state facility.
*795 The operative facts are not in dispute. A state agency entered into a contract with real party in interest Toolworks, Inc. (Toolworks), a nonprofit corporation "operating rehabilitation facilities for persons with disabilities. One of [its] goals is to place persons with disabilities into competitive employment." "Although the employees ... would work at reduced salaries, the employees would also work at speeds 50% slower than State janitors."
(1) Generally, the state's work must be performed by state workers. (California State Employees' Assn. v. State of California (1988) 199 Cal. App.3d 840, 844 [245 Cal. Rptr. 232].) The exception here at issue relates to so-called "personal services contracts," which enable the state to perform certain functions at a cost savings. (Gov. Code, § 19130 et seq.; further unspecified sections are to this code.) However, such contracts must meet a variety of tests, including a limitation on pay rates:
"Personal services contracting is permissible to achieve cost savings when all the following conditions are met:
".... .... .... .... .... .... ....
"(2) Proposals to contract out work shall not be approved solely on the basis that savings will result from lower contractor pay rates or benefits. Proposals to contract out work shall be eligible for approval if the contractor's wages are at the industry's level and do not significantly undercut state pay rates." (§ 19130, subd. (a), italics added.)
The Board's implementing regulation provides: "When a Personal Services Contract is based on cost savings, a contractor's wages shall be at or above the industry's level and shall not undercut the State's pay rate for comparable work by more than 15%, except that if in a nonmetropolitan area of the State the contractor's rate of pay is more than 15% below the state rate, the contract may be approved if the contractor[']s rate of pay is closer to the State rate than it is to the comparable industry rate in the local area. In no case shall a contractor's wages be more than 25% below the State's pay rate. Comparison of wages for this purpose shall not include the cost of benefits.
"(a) Comparison of the contractor's and State's hourly rates will be made as follows: [setting out which state salary range step shall be used]." (Cal. Code Regs., tit. 2, § 279.2.)
The Board made the following finding: "The appropriate comparison for this contract is the second step of the State class of Janitor, $9.08 per hour at *796 the time the contract was negotiated. Based on work and production rate information submitted by the contractor, we have determined the contractor's adjusted comparable wage rate is $8.50 per hour. The contractor reports it generally takes two contractor employee/clients to do the work of one State Janitor, and the contractor's minimum wage under the contract is $4.25 per hour. According to information furnished by the Department of Industrial Relations, the pay rate for janitors in Alameda County is $6.00 per hour. The contractor's wages are at the industry level and will not significantly undercut the State's pay rate. Therefore, the undercutting provision [of § 19130] has been met."
The Board and Toolworks claim the comparable pay rate must include an adjustment for inefficiency, that two Toolworks workers must be treated as one state worker.
The statute speaks in terms of state "pay rates." (§ 19130, subd. (a)(2).) We have previously construed this subdivision to equate "pay rates" with "wages." (California State Employees' Assn. v. State Personnel Bd., supra, 178 Cal. App.3d at pp. 377, 381-382.) Wages are wages. The wage of $9.08 per hour must be compared to the wage of $4.25 per hour, which significantly undercuts the state wage. The regulation (which appellants quote only in part) refers to "comparable work" not "comparable [or equally efficient] workers." It also states the comparison is to be based on "the contractor's and State's hourly rates[.]" Nothing in the statute or regulation permits Board to evaluate contract workers on the basis of their productivity.
The Legislature may, in the future, choose to insert into the statute a test based on equivalent productivity. We imply no view on the wisdom or legality of such a course, we simply observe that the Legislature has not, as of yet, allowed for such a test. Instead the Legislature requires that a contract "not significantly undercut state pay rates." (§ 19130, subd. (a)(2).) The Board's regulation defines what is "significant" in this context as no more than a 15 percent reduction. Under that test the instant contract significantly undercuts the state pay rate.[1]

*797 DISPOSITION
The judgment is affirmed.
Sims, Acting P.J., and Raye, J., concurred.
NOTES
[1] We disregard appellants' references to an unpublished trial court decision.

Toolworks's attempt to litigate the applicability of the Americans with Disabilities Act (ADA) to this case is based on factual matters which were not resolved by the trial court, including whether the state "reasonably" accommodates disabled janitors. We decline to consider Toolworks's ADA arguments. (Hale v. Morgan (1978) 22 Cal.3d 388, 394 [149 Cal. Rptr. 375, 584 P.2d 512].)